Charles G. HENRICKS, Individually and as Administrator of the Estate of Donald M. HENRICKS, Deceased, Dorothy HENRICKS, Barbara HENRICKS and Charles HENRICKS *v.* Jasper S. BURTON, Jr.

CA 80-465                                         613 S.W. 2d 609

Court of Appeals of Arkansas
Opinion delivered April 8, 1981

*Smith, Jernigan & Smith*, by: *H. Vann Smith*, for appellants.

*Brazil & Roberts*, for appellee.

Tom Glaze, Judge. The issue presented in this appeal is whether the trial court erred in granting a summary judgment to the appellee. The case was submitted to the trial judge on the pleadings and two opposing affidavits.

In our review of summary judgment decisions, the principles of law which we must follow are well known and long established. The appellee has the burden of demonstrating that there is no genuine issue of fact for trial when

filing his motion for summary judgment, and any evidence submitted in support of his motion must be viewed most favorably to the party who resisted the motion. *Dodrill* v. *Arkansas Democrat Company*, 265 Ark. 628, 590 S.W. 2d 840 (1979). Moreover, a summary judgment is to be granted only when there is no genuine issue as to any material fact and when, even though facts are in dispute, reasonable and fair-minded men could only draw one conclusion from them. *Saunders, Adm'x.* v. *National Old Line Insurance Company*, 266 Ark. 247, 538 S.W. 2d 58 (1979).

The facts at bar arise out of a vehicular accident in which appellant's son was a passenger and the appellee was the driver. Appellant's son was killed as a result of this accident and he subsequently filed this suit against appellee. Appellee raised the affirmative defense of the guest statute which requires appellant to show that the accident and resulting death of appellant's son was due to appellee's willful and wanton negligent conduct.

Therefore, whether appellee was entitled to the summary judgment granted by the lower court must depend on whether appellant has shown that factual issues exist which would lead reasonable and fair-minded men to decide that appellee's actions, at the time of the accident, were willful and wanton.

Under case law, we are instructed to look to the facts and circumstances of each individual case to determine whether a vehicle was operated in wanton or willful conduct in disregard of the rights of others. *Ellis* v. *Ferguson*, 238 Ark. 776, 385 S.W. 2d 154 (1964). The court in *Ellis* held this conduct is shown by a person, when, notwithstanding his conscious and timely knowledge of an approach to an unusual danger and of common probability of injury to others, he proceeds into the presence of danger, with indifference to consequences and with absence of all care.

We now review the facts before us in light of the foregoing procedural and substantive legal principles. By affidavit, the appellee simply denied that he was intoxicated or was reckless at the time of the accident. He stated that just

before the accident occurred at 12:45 A.M., he was in a left hand curve and driving thirty-five miles per hour when some dogs ran in front of his jeep. Appellee said that he swerved to the right and got into loose gravel which caused him to lose control of the jeep.

The appellant submitted to the court an affidavit by the investigating police officer. The officer had not seen the accident, and his opinion was obtained from his post-accident investigation. After relating the measurements he took and the tire marks and blood stains he observed, he stated that the appellee had entered the curve in an inattentive state, lost control of the vehicle, causing it to flip and roll over three times, which resulted in the death of appellant's son.

Although appellee may refute the officer's conclusion, he does not contradict the officer's findings. The officer stated that appellee's jeep left tire marks on both sides of the highway, flipped over three times and traveled some two hundred sixteen feet from the point his jeep first left the highway. It is not our role, on review, to try the issues but merely to determine if there are issues of fact. It is not difficult to conceive that reasonable and fair-minded men could arrive at more than one conclusion when deciding, on these facts, whether appellee was negligent, grossly negligent or willful and wanton in the operation of his jeep.

The appellee raises for the first time on appeal his contention that the investigating officer's affidavit should not be considered since the officer was not properly qualified as an expert. It is well settled that we will not consider an issue raised for the first time on appeal. *Dunkum* v. *Moore*, 265 Ark. 544, 580 S.W. 2d 183 (1979). If the appellee objected to or opposed the appellant's affidavit, he could have done so by deposition, answers to interrogatories, further affidavits or by an appropriate motion. See Rule 65, *Arkansas Rules of Civil Procedure*. Thus, from all the facts and circumstances presented us in the pleadings and affidavits, we conclude that genuine issues of fact do exist, and that the lower court erred in granting appellee's motion for summary judgment.

Reversed and remanded.