Russell STOUTT *v.* Charles B. RIDGWAY et al

CA 82-500                                        658 S.W.2d 420

Court of Appeals of Arkansas
Division II
Opinion delivered October 19, 1983

*Hobbs, Longinotti & Bosson,* by: *Louis J. Longinotti, III,* for appellant.

*Curtis L. Ridgway, Jr.,* for appellee.

TOM GLAZE, Judge. This appeal arises from a decree awarding appellees $10,522.06 for unpaid obligations incurred in connection with construction of a commercial, two flume water slide on appellee's property. In addition, the chancellor found that by his failure to perform the parties' contract in a satisfactory fashion, the appellant forfeited any rights he had in connection with the contract to share in the profits of the water slide. The court dissolved the

parties' partnership and terminated the appellant's interest in it.

The appellant does not appeal from that part of the decree giving judgment to appellee for $10,522.06. Appellant contends the court erred, however, in ordering a forfeiture of his rights to share in partnership profits and in terminating appellant's interest in the partnership. We agree the judge erred, and therefore reverse.

Appellee contends that no partnership existed between the parties and that even if the parties intended to enter into a partnership, appellant's failure to perform the contract prevented the partnership from coming into existence. We find no merit in this contention, primarily because it was not presented below. Both parties proceeded at trial as if a partnership existed. In fact, they asked the chancellor to dissolve it, and he did so. Because appellee failed to question the parties' partnership below, that issue canot be raised for the first time on appeal. *Wilson* v. *Kemp*, 7 Ark. App. 44, 644 S.W.2d 306 (1982).

We do, however, find error in that part of the decree which dissolves the partnership and terminates appellant's interest in it. The agreement between the parties makes no provision for termination of either party's interest except upon two contingencies: (1) appellee's sale or lease of the slide, and (2) appellant's death. Because their agreement did not provide specifically for dissolution and termination of the interests of the parties, the Uniform Partnership Act applies. Ark. Stat. Ann. §§ 65-101 to -143; see specifically §§ 65-129, -138 (Supp. 1983). *See also Osborne* v. *Workman*, 273 Ark. 538, 621 S.W.2d 478 (1981).

The record clearly indicates that the chancellor failed to apply the Uniform Act. We therefore reverse that part of the judgment terminating appellant's interests in the partnership and remand for a determination of the parties' interests under the Act, specifically those provisions governing dissolution. *See Brizzolara* v. *Powell*, 214 Ark. 870, 218 S.W.2d 728 (1949) (remanded because tried upon erroneous theory; neither party offered proof on correct point of law);

*Moore* v. *City of Blytheville,* 1 Ark. App. 35, 612 S.W.2d 327 (1981) (remanded because erroneous measure of damages was applied; remanded for presentation of proof on damages).

Affirmed in part and reversed and remanded in part.

CRACRAFT and CLONINGER, JJ., agree.