STATE of Arkansas *v.* David Wayne HOUPT

CR 89-239                                          788 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered April 30, 1990

Steve Clark, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellant.

*Larry Honeycutt*, for appellee.

TOM GLAZE, Justice. In accordance with A.R.Cr.P. Rule 36.10(a), the state brings this interlocutory appeal contending the trial court erred in granting appellee's motion to suppress. At a pretrial hearing on appellee's motion, appellee argued and presented proof that the police officers, without probable cause and in violation of the fourth amendment, stopped the car appellee was driving and found controlled substances as a result of a pretextual search of the car. The state countered with its own argument and proof that the search was permissible. After the trial court granted appellee's motion, the state appeals, raising a new theory and argument that the trial court erred because appellee was driving his girlfriend's car when he was stopped, and as a consequence, he lacked standing to contest the officers' search of the car. The state asserts that it should be permitted to raise appellee's lack of standing for the first time on appeal because appellee's standing is a jurisdictional, or a "quasi-jurisdictional," requirement. We reject the state's argument and therefore affirm.

The state's argument is two-fold. Initially, it cites *Rakas* v. *Illinois*, 439 U.S. 128 (1978), and *Rawlings* v. *Kentucky*, 448 U.S. 98 (1980), for the proposition that a defendant who moves to suppress allegedly illegally seized evidence has the burden to prove he has standing to do so.[1] Here, the state claims appellee failed in meeting his burden because he never showed that he had his girlfriend's permission to drive her car. Next, the state suggests, this failure is "jurisdictional in nature," and, as such, is an issue the state could raise for the first time on appeal. To summarize, while the state acknowledges it did not contest appellee's standing below, it asserts it should be permitted to do so on appeal because the appellee's standing is a jurisdictional, or a "quasi-jurisdictional" requirement.

In support of its contentions that a defendant's lack of standing to seek suppression of evidence may be raised by the government for the first time on appeal, the state cites cases from

---

[1] We recognize that in *Rakas*, the Supreme Court stated that instead of questioning whether a defendant has standing, the analysis should proceed directly to the issue of whether the individual has a legitimate expectation of privacy in the object of the search. But for clarity, we will refer to the issue as standing in our opinion.

a number of other jurisdictions. *See United States* v. *McBean*, 861 F.2d 1570 (11th Cir. 1988); *United States* v. *Hansen*, 652 F.2d 1374 (10th Cir. 1981); *State* v. *Strayer*, 242 Kan. 618, 750 P.2d 390 (1988). There are a number of holdings in other jurisdictions that run contrary to the state's contention. *See United States* v. *Sanchez*, 689 F.2d 508 (5th Cir. 1982); *Wilson* v. *State*, 692 S.W.2d 661 (Tex. Cr. App. 1984); *People* v. *Brown*, 410 N.E.2d 505 (Ill. App. 1980); *State* v. *Grundy*, 25 Wash. App. 411, 607 P.2d 1235 (1980); *see also* 4 W. LaFave, *Search and Seizure*, § 11.7(d) at 524 (1987). Federal courts, of course, adhere to the plain error rule, under which plain errors affecting substantial rights may be noticed although they were not brought to the attention of the trial court. To the contrary, we have reiterated our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Even a constitutional question must be raised in the trial court to be reversible on appeal. *Griggs* v. *State*, 280 Ark. 339, 658 S.W.2d 371 (1983).

As noted previously, the state concedes that it failed to raise the standing theory below, but it points to our recognized rule that an appellant still may question the trial court's subject matter jurisdiction for the first time on appeal. While the state concedes the court in the present case had subject matter jurisdiction, it additionally contends that we should give the term jurisdiction a broader definition than that which encompasses mere subject matter jurisdiction. In other words, the state requests this court to coin a new definition of jurisdiction which would include a criminal defendant's standing. Thus, assuming standing is jurisdictional as urged by the state, the state urges the appellant never met his burden to show his girlfriend permitted him to drive her car and as a result he failed to establish a reasonable expectation of privacy in the car as required by the fourth amendment. Consequently, the state argues that the trial court could not suppress the controlled substances seized from the car after appellant's arrest and that we should remand this case to allow both parties the opportunity to develop evidence bearing on appellant's expectation of privacy in his girlfriend's car.

The state offers no Arkansas authority or citation where this court has ever treated standing as a jurisdictional issue. Instead,

the state, in its argument, alludes to *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986), where a trial court exceeded its authority in imposing a void sentence, and in reversing, we said that this court could consider such a matter even though not raised at trial since we considered it subject matter jurisdiction. *See also Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985).

Here, the trial court clearly had jurisdiction to consider this criminal case and the appellant's motion and, unlike in *Howard* or *Lambert*, there is nothing to reflect the trial judge ever exceeded his authority, statutory or otherwise. In fact, the state in this appeal never argues that the trial court erred in finding that no probable cause existed to validate a search of the car driven by the appellant. Instead, the state's proof apparently fell short in this respect and it now seeks to try this same fourth amendment issue by using a different theory. In line with this court's long standing rule that precludes appellants from raising new issues on appeal, we reject the state's request to allow it to do so here. Therefore, we affirm.