ARKANSAS GAME and FISH COMMISSION *v.* Nelson
MURDERS, Jr., Roland Bates, Judy Pickering, Roy Pickering,
Dean Meredith, Verdell Meredith, and Darrell Meredith

96-338                                              938 S.W.2d 854

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*P. Douglas Mays* and *James Watson,* and *Friday, Eldredge & Clark,* by: *Robert S. Shafer, H. Charles Gschwend, Jr.,* and *Allison Graves,* for appellant.

*Q. Byrum Hurst, Jr.,* for appellees.

W.H. "DUB" ARNOLD, Chief Justice. The appellant, Arkansas Game and Fish Commission, appeals a ruling of the Garland County Circuit Court declaring that amended code 18.04, which prohibits road hunting, is void. Because we agree that the amended portion of the Commission's rule is unconstitutionally overbroad and exceeds the scope of the Commission's constitutional authority, we affirm the ruling of the trial court.

The appellees are licensed hunters who reside in Garland County, Arkansas. Pursuant to Ark. Code Ann. § 25-15-207(a) (1987), they brought a declaratory judgment action against the Commission and its Director, Steve N. Wilson, challenging amended code provision 18.04. The provision generally prohibits hunting from or shooting across any city, county, state, or federally maintained road or right-of-way. It further prohibits hunting within fifty yards from the center of any city, county, state, or federally-maintained road or right-of-way during any modern gun deer season. The penalty for violation of the rule ranges from a $100.00 to a $1,000.00 fine. The amendatory language at issue, added by the Commission in April of 1995, reads as follows:

> NOTE: It shall be prima facie evidence during modern gun and muzzleloading deer season that a person is hunting if the person is in possession of a loaded firearm on any city, county, state, or federally-maintained road or the right-of-way thereof in an area in which wild game is likely to be present. Firearms being carried in a motor vehicle or conveyance must be unloaded and enclosed in a case or placed in a gun rack (unloaded) while on any city, county, state or federally-maintained road or the right-of-way thereof in an area in which wild game is likely to be present.
>
> . . .
>
> EXCEPTIONS: (1) Handguns carried in motor vehicle for purpose other than hunting.

(2) Persons engaged in a lawful action to protect their livestock or property.

(3) Law enforcement officials in respect to the official job duties.

The appellees filed this action on August 10, 1995, challenging the amended code 18.04 on many grounds, including that it was arbitrary and capricious and unconstitutionally vague and overbroad. They also claimed that the amendment violated the American Disabilities Act, the equal protection clause, the constitutional right to bear arms, the presumption of innocence, and the separation-of-powers doctrine. Finally, the appellees claimed that the amendment was contrary to statute, particularly Ark. Code Ann. § 5-73-120 (Repl. 1993). Following a trial, the trial court entered an order declaring that the amended portion of regulation 18.04 was void. The trial court's order adopted the appellees' findings and conclusions, with the exception of their arguments regarding the ADA. On appeal, the Commission challenges each of the trial court's rulings.

The appellees maintain, and the trial court agreed, that amended code 18.04 is unconstitutionally overbroad because its wording is so inclusive that it may affect the rights of non-hunters[1] who possess loaded or uncased firearms on city, county, state, or federally-maintained roads or rights-of-way. In turn, the Commission urges that amended code 18.04 bears a rational relationship to the legitimate objective of suppressing illegal road hunting, an activity which, pursuant to Amendment 35 of the Arkansas Constitution, the Commission has the authority to regulate. According to the Commission, the fact that some persons who have no intention of hunting may travel the highways during deer season with loaded or uncased firearms does not undermine the rule's legitimate sweep.

We agree that the Commission, under Amendment 35, has plenary authority over the "control, management, restoration,

---

[1] The issue of whether appellees, who are all hunters, have standing to assert the rights of non-hunters, was not raised at the trial court level. Consequently, we do not discuss this issue on appeal, as lack of standing does not deprive a court of jurisdiction. *See Pulaski County v. Carriage Creek Improvement Dist. No. 639*, 319 Ark. 12, 888 S.W.2d 652 (1994).

conservation and regulation of birds, fish, game and wildlife resources of the State." Section 8 of Amendment 35 also grants the Commission "the exclusive power and authority to regulate the manner of taking game, to regulate seasons, and to fix penalties for violation of the regulations." However, while we have said that the Commission has broad discretion in carrying out its powers, *see Chaffin v. Ark. Game & Fish Comm'n*, 296 Ark. 431, 757 S.W.2d 950 (1988), its discretion is not unfettered. The Commission's power to regulate the manner of taking game certainly does not translate into a general power to regulate the general possession of all firearms on city, county, state, or federally maintained roads or rights-of-way.

■ An overbroad statute is one that is designed to punish conduct which the state may rightfully punish, but which includes within its sweep constitutionally protected conduct. *McDougal v. State*, 324 Ark. 354, 359-360, 922 S.W.2d 323 (1996), *citing* 4 R. Rotunda & J. Novak, Treatise on Constitutional Law, § 20.8 (2d ed. 1992). The Commission's rule, as amended, essentially shifts the burden to non-hunters who possess loaded or uncased firearms on city, county, state, or federally maintained roads or rights-of-way, to prove that he or she is not engaged in the prohibited act of road hunting. When examining amended rule 18.04, we conclude that it may include within its sweep innocent and legitimate conduct. For example, it is an affirmative defense to the charge of carrying a weapon that the person charged was carrying the weapon upon a journey. See Ark. Code Ann. § 5-73-120(c)(4) (Supp. 1995). The amended rule is thus overbroad, and exceeds the Commission's authority granted under Amendment 35 to regulate the manner of taking game.

■ Because we agree with the trial court that amended rule 18.04 is unconstitutionally overbroad, it is unnecessary for us to reach the Commission's remaining arguments on appeal. Based upon the foregoing, the decision of the trial court is affirmed.