Hubert RAMAGE *v.* STATE of Arkansas

CA CR 97-568 966 S.W.2d 267

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered April 8, 1998

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Hubert Ramage, was charged with possession of a controlled substance (cocaine) with intent to deliver. His pretrial motion to suppress evidence was denied. He then entered a conditional plea of guilty pursuant to Ark. R. Crim. P. 24.3(b). On appeal, he contends that the trial court erred in denying his motion to suppress. We affirm.

Officer Michael Coleman of the Pine Bluff Police Department testified that, at approximately 1:00 a.m. on July 10, 1996, he stopped the vehicle that appellant was driving because the license plate was not illuminated as required by law. Appellant was unable to produce a driver's license, registration for the car, or proof of insurance. The officer also determined that the license

plate was fictitious. When appellant went to the passenger side of the car to look in the glove compartment for a registration card and proof of insurance, the officer reached in the driver's side window and lowered the sun visor in what he described as an "attempt[ ] to assist [appellant] in locating his registration." A package of cigarettes and a matchbox fell from the visor to the seat. The officer picked up both items and inspected them "to see if there was anything out of the ordinary there." Apparently, there was nothing unusual about the cigarette package. The officer then shook the matchbox to see if it sounded as though it contained matches. The officer testified that it sounded inconsistent with matches being inside, so he opened the matchbox. Inside, he found crack cocaine.

The trial court denied appellant's motion to suppress evidence of the cocaine on two grounds: (1) that the officer legally could help appellant look for his papers, the matchbox lawfully came into plain view, and, once the officer's training and experience told him that the box did not contain matches, he had probable cause to open it; and (2) alternatively, that the evidence would have been inevitably discovered as the result of an inventory anyway, as the officer testified that, without a driver's license and the necessary paperwork, he would not have allowed appellant to leave in the car but would have impounded it and inventoried its contents. Appellant attacks both of these grounds on appeal. He does not contest the legality of the initial traffic stop.

The State first contends that we should affirm without reaching the merits of appellant's arguments because appellant failed in his burden of establishing that he had any standing to contest the search. We agree.

 Fourth Amendment rights against unreasonable searches and seizures are personal in nature. *McCoy v. State*, 325 Ark. 155, 925 S.W.2d 391 (1996). Thus, a defendant must have standing before he can challenge a search on Fourth Amendment grounds. *Dixon v. State*, 327 Ark. 105, 937 S.W.2d 642 (1997). The pertinent inquiry regarding standing to challenge a search is whether the defendant manifested a subjective expectation of privacy in the area searched and whether society is prepared to recog-

nize that expectation as reasonable. *McCoy v. State, supra*; *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). It is well settled that the defendant, as the proponent of a motion to suppress, bears the burden of establishing that his Fourth Amendment rights have been violated. *McCoy v. State, supra*; *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995). A person's Fourth Amendment rights are not violated by the introduction of damaging evidence secured by the search of a third person's premises or property. *Davasher v. State*, 308 Ark. 154, 823 S.W.2d 863 (1992); *Rankin v. State*, 57 Ark. App. 125, 942 S.W.2d 867 (1997). A defendant has no standing to question the search of a vehicle unless he can show that he owns the vehicle or that he gained possession of it from the owner or someone else who had authority to grant possession. *McCoy v. State, supra*; *Littlepage v. State, supra*; *State v. Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992). One is not entitled to automatic standing simply because he is present in the area or on the premises searched or because an element of the offense with which he is charged is possession of the thing discovered in the search. *United States v. Salvucci*, 448 U.S. 83 (1980); *see Rakas v. Illinois*, 439 U.S. 128 (1978). This court will not reach the constitutionality of a search where the defendant has failed to show that he had a reasonable expectation of privacy in the object of the search. *McCoy v. State, supra*; *Rankin v. State, supra*.

▮ Here, the record contains *no* evidence on which one could base a finding that appellant had standing to contest the search. Appellant presented no proof whatsoever that he had a legitimate expectation of privacy in either the vehicle or the matchbox that fell from the sun visor. Appellant did not testify at the suppression hearing and assert the proprietary or possessory interest necessary to establish standing, although he could have done so without danger of self-incrimination. *See Brown v. United States*, 411 U.S. 223 (1973); *Simmons v. United States*, 390 U.S. 377 (1968); *Gass v. State*, 17 Ark. App. 176, 706 S.W.2d 397 (1986). The only witness who testified at the suppression hearing was Officer Coleman, and his testimony demonstrated only that the vehicle bore a fictitious license plate and that appellant could not produce a driver's license, registration, or proof of insurance

for the vehicle. No evidence was offered that appellant either owned or lawfully possessed the vehicle. Nor did appellant ever assert ownership of or a right to possess the matchbox that was found above the sun visor. Because appellant failed to prove lawful possession of the objects of the search, we conclude that he failed in his burden of establishing standing to challenge the search. Therefore, we do not reach the merits of his arguments on appeal. *See McCoy v. State, supra.*[1]

Affirmed.

---

[1] The dissent contends that, because the State argues appellant's lack of standing for the first time on appeal, the issue cannot be considered by this court. The three cases cited for that proposition are *Arkansas Game & Fish Commission v. Murders*, 327 Ark. 426, 938 S.W.2d 854 (1997); *Pulaski County v. Carriage Creek Improvement District No. 639*, 319 Ark. 12, 888 S.W.2d 652 (1994); and *State v. Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). In each of those cases, however, the *appellant* raised the *appellee's* lack of standing for the first time on appeal in an effort to obtain a *reversal*. The supreme court held only that lack of standing is not a jurisdictional defect of the sort that will allow an *appellant* to make an argument for *reversal* for the first time on appeal. In none of those cases did the court do any violence to the longstanding rule that we may *affirm* the result reached by the trial court, if correct, even though the reason given by the trial court may have been wrong. *See Summers v. State*, 292 Ark. 237, 729 S.W.2d 147 (1987) (trial court's decision affirmed although the decision should have been based on a different reason, which was not argued by the appellee in the trial court); *Garcia v. State*, 18 Ark. App. 110, 711 S.W.2d 176 (1986) (trial court's decision affirmed, albeit for a reason neither relied upon by the trial court nor argued below by the appellee).

The dissent also incorrectly states that the issue of standing was argued to and clearly addressed by the trial court in each of the cases cited in the text of this majority opinion. In fact, the opinions in *Dixon v. State, supra; McCoy v. State, supra; Littlepage v. State, supra*; and *Davasher v. State, supra*, do not state that the State argued the issue in the trial court, much less that the trial court ruled on the question. Nevertheless, in each case, the supreme court affirmed the denial of the motion to suppress because the appellant had failed to establish his standing to raise a Fourth Amendment challenge in the first place. In fact, the opinions in *McCoy* and *Littlepage* state specifically that the trial court denied the appellants' motions on the merits of their Fourth Amendment arguments, and indicate only that the State argued *on appeal* the appellants' failure to establish standing. *See also Fernandez v. State*, 303 Ark. 230, 795 S.W.2d 52 (1990) (trial court denied motion to suppress because it found challenged search consensual, but supreme court affirmed because appellant failed to establish standing; no indication of what State argued either below or on appeal); *Duckett v. State*, 268 Ark. 687, 600 S.W.2d 18 (Ark. App. 1980) (trial court's denial of motion to suppress, which was based on merits of the challenge, was affirmed by court of appeals on account of appellants' lack of standing, "a matter not discussed in the parties' briefs").

AREY, JENNINGS, and STROUD, JJ., agree.

NEAL and GRIFFEN, JJ., dissent.

OLLY NEAL, Judge, dissenting. This criminal appeal is taken from a judgment of conviction based on appellant's conditional guilty plea to possession of a controlled substance with intent to deliver. Mr. Ramage argues on appeal that the trial court erred in denying his pretrial motion to suppress certain physical evidence. I agree that the evidence should have been suppressed and would reverse his conviction.

At the hearing on appellant's motion to suppress, Michael L. Coleman, the police officer who arrested appellant, testified that he stopped a car appellant was driving on July 10, 1996, in a high crime area in Pine Bluff because "the little plate bulb that illuminates the license plate was out." Appellant could not produce a driver's license, and the car he was driving bore a fictitious license plate. Mr. Ramage was allowed to go to the passenger side of the car to look for his registration and insurance documents in the glove box while the officer "attempted to assist him" by searching the driver's side. When Officer Coleman flipped the driver-side sun visor down, a package of cigarettes and a box of matches fell onto the seat. He admitted that he picked up both items "to see if anything out of the ordinary was there" and testified that the box did not sound like it contained matches when he shook it. The officer then opened the box, found rock cocaine inside, and placed appellant under arrest. In addition to being charged with possession with intent, appellant was ultimately cited for his failure to produce a driver's license and received a warning ticket for the burned out "registration light."

Contrary to the majority decision, we should not validate Officer Coleman's alleged "inadvertent discovery" of contraband by declaring that it occurred during a lawful search, incident to appellant's arrest. The arresting officer did not have probable cause to arrest Mr. Ramage when he found the incriminating evidence; he was in the process of determining whether Ramage possessed the very documents that would have completely exonerated Ramage of any criminal liability. The search also preceded officer Coleman's discovery of any circumstance or evidence that

would have given him authority to impound Ramage's car, thereby obfuscating any claim that the search was a valid inventory search. The record is completely devoid of any testimony or other real evidence as to whether Ramage was able to produce proof of insurance and registration at trial. We cannot reasonably rely upon the "inevitable discovery" doctrine, because it is apparent that, but for the officer's belated decision to arrest appellant or to impound his vehicle, neither a search incident to the arrest nor an inventory search could have been lawfully performed; the officer simply was in no position to "discover" any contraband without violating appellant's Fourth Amendment rights.

As a final note, appellant's standing to raise the Fourth Amendment violation at issue is not properly before us; the State never once raised that issue at trial. Our supreme court specifically stated in *Pulaski County v. Carriage Creek Imp. Dist. No. 639*, 319 Ark. 12, 888 S.W. 2d 652 (1994):

> [W]e are unaware of any authority in this Court holding that lack of standing deprives a trial court of jurisdiction. (Citation omitted). If the issue were one of jurisdiction of the subject matter, we would address it despite the fact that it was not raised before the Trial Court. As it is not such an issue, we decline to address it for the first time on appeal.

This case was cited with approval in *Arkansas Game & Fish Comm'n v. Murders*, 327 Ark. 426, 938 S.W.2d 854 (1997), where the supreme court, once again, declined to discuss the issue of standing where it was not raised at trial.

Furthermore, our supreme court addressed the State's argument that standing is a jurisdictional issue in *State v. Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). In *Houpt*, an interlocutory appeal by the State from a trial court's order of suppression, the supreme court, in framing the issue on appeal, stated:

> The State asserts that it should be permitted to raise appellee's lack of standing for the first time on appeal because appellee's standing is a jurisdictional, or a "quasi-jurisdictional," requirement. We reject the State's argument.

*Id.* at 189.

Notwithstanding the fact that a criminal defendant who moves to suppress evidence bears the burden of establishing that he has standing to contest an illegal search (which was duly recognized by the *Houpt* court), the supreme court concluded:

> [T]he state's proof apparently fell short [on the issue of probable cause to search] and it now seeks to try this same fourth amendment issue by using a different theory. In line with this court's long standing rule that precludes appellants from raising new issues on appeal, we reject the state's request to allow it to do so here.

*Id.* at 191. This rule is also applicable to any non-appealing party who attempts to advance arguments for the first time on appeal. *See Dempsey v. Merchant's Nat'l Bank,* 292 Ark. 207, 729 S.W.2d 150 (1987); *Stoutt v. Ridgway,* 9 Ark. App. 315, 658 S.W.2d 420 (1983); and *Hendricks Adm'r v. Burton,* 1 Ark. App. 159, 613 S.W.2d 609 (1981). It is fundamental that when a matter can readily be clarified by the trial court if a timely objection is made, failure to object prevents a party from raising the issue on appeal. *Heard v. State,* 272 Ark. 140, 612 S.W.2d 312 (1981).

In *McCoy v. State,* 325 Ark. 155, 925 S.W.2d 391 (1993), *Rankin v. State,* 57 Ark. App. 125, 942 S.W.2d 867 (1997), and each of the other cases relied on by the majority, the issue of standing was clearly addressed by the trial court and the record was developed by each party on the issue of whether the appellant owned or held any possessory interest in the subject property. In each of those cases, it was necessary for the trial court to decide squarely whether or not the appellant had a sufficient expectation of privacy to justify his Fourth Amendment challenge to an allegedly illegal search. The present case, of course, is clearly distinguishable because no one raised the issue of appellant's expectation of privacy or standing to challenge the search at trial. As it did in *Houpt, supra,* the State now attempts to circumvent the appellant's Fourth Amendment rights by arguing a different basis for denial of appellant's motion for suppression than it did at trial. The trial court never had an opportunity to consider the matter. It is so clear in our case law that it requires no further citation of authority that our appellate courts do not and should not consider issues which the parties have not submitted to the trial court for resolu-

tion. Our supreme court specifically stated in *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997):

> It is the opportunity of the trial court to first hear and address the parties' arguments that is of importance in determining whether the argument has been preserved for appeal.

This pronouncement is consistent with the historical "established rule" the court of appeals noted in *Phillips v. State*, 266 Ark. 883, 890, 587 S.W.2d 83, 87 (Ark. App. 1979). There, the court unequivocally stated:

> [N]o *party* ought to be allowed to assign as error on appeal a ruling by the trial court that might have been corrected in the first instance by timely objection or inquiry.

(Emphasis added.) Here, if the State believed appellant's lack of standing was a bar to the admissibility of the testimony he offered in support of his motion to suppress, the State should have either entered a proper objection or made a proper inquiry as to whether appellant had any ownership interest in the automobile he was driving.

For these reasons, I respectfully dissent.

GRIFFEN, J., joins this dissent.