Glenn Edward WHITHAM *v.* STATE of Arkansas

CA CR 99-287 12 S.W.3d 638

Court of Appeals of Arkansas
Division I
Opinion delivered January 26, 2000
[Petition for rehearing denied March 1, 2000.]

*Paul Revels*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Glenn Edward Whitham was convicted of manufacturing a controlled substance, methamphetamine, and sentenced to thirty years' imprisonment.

Appellant argues that the trial court erred in denying his motion to quash the search warrant and suppress the evidence. We affirm on other grounds.

On February 9, 1998, Bobby Pierce went to his girlfriend's apartment in Horatio where appellant was sleeping in one of the bedrooms. After being awakened, appellant began smoking methamphetamine and explaining how to cook it. He asked Pierce to get some pseudoephedrine which was needed to prepare methamphetamine, and it was decided that the cooking would take place next door at the Wallings' apartment. When Pierce left to get the pseudoephedrine, he, instead, contacted his brother who was a member of the Drug Task Force and informed him of what was about to transpire. The police then provided Pierce with the pseudoephedrine which he took to appellant who immediately began breaking apart the pellets. Officers obtained a search warrant for the Wallings' apartment that was executed at 1:00 a.m. on February 10, 1998. Appellant was present along with what was described as a "meth lab."

Appellant makes several arguments on appeal. He argues that some of the facts set out in the affidavit for the search warrant were inaccurate and consisted of hearsay, and he argues that the conclusion that the informant was reliable was not sufficient to satisfy the particular facts requirement of Ark. R. Crim. P. 13.1(b). He also contends that the magistrate did not consider the reliability of the informant when issuing the warrant. In addition, appellant maintains that the affiant gave the magistrate several pieces of misleading information. Finally, he argues that the facts do not justify the nighttime search.

 Our review of the evidence indicates that appellant has failed to establish that he has standing to contest the legality of the search. A person's Fourth Amendment rights are not violated by the introduction of damaging evidence secured by a search of a third person's premises. *See Ramage v. State*, 61 Ark. App. 174, 966 S.W.2d 267 (1998). The defendant has the burden of establishing standing. *Dixon v. State*, 327 Ark. 105, 937 S.W.2d 642 (1997). Although an overnight guest in a home may claim the protection of the Fourth Amendment, one who is merely present with the home owner's consent may not. *Minnesota v. Carter*, 525 U.S. 83 (1998). The only information pertinent to this issue is the fact that appel-

lant had been sleeping in apartment #49, and, specifically, not apartment #50 that was the object of the search. There is simply no evidence to suggest that appellant was an overnight guest in the Wallings' apartment. Furthermore, there was no evidence presented regarding appellant's relationship to the Wallings or that appellant had any other purpose in the Wallings' apartment aside from his illegal activity. We cannot reach the constitutionality of the search where appellant has failed to show that he had a reasonable expectation of privacy in the apartment that was ultimately searched. *Rankin v. State*, 57 Ark. App. 125, 942 S.W.2d 867 (1997). We will affirm the result reached by the trial court, if correct, even though the reason given by the trial court may have been wrong. *Richard v. State*, 64 Ark. App. 177, 983 S.W.2d 438 (1998). Because we find that appellant lacked standing to contest the search, his conviction is affirmed.

Affirmed.

PITTMAN and NEAL, JJ., agree.