Daniel ANDERSON and Patrick Givens  *v.*  STATE of Arkansas

CA CR 07-1333                                    286 S.W.3d 763

Court of Appeals of Arkansas
Opinion delivered September 10, 2008

*Bill Luppen*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Deborah Nolan Gore*, Ass't Att'y Gen., for appellee.

SARAH J. HEFFLEY, Judge. Following the search of a motel room, appellants Daniel Anderson and Patrick Givens were charged by information with the offenses of possession of cocaine with intent to deliver, possession of MDMA (ecstacy) with intent to deliver, the unauthorized use of another's property, and possession of drug paraphernalia. Tried to the bench, appellants were found guilty of all charges. Anderson was sentenced to concurrent terms of twenty-five years in prison,[1] while Givens was sentenced to a total of twenty years in prison. The sole issue presented in this joint appeal is that the trial court erred in denying their motion to suppress the evidence that was seized during the search of the motel room. We affirm in agreement with the trial court's finding that appellants did not meet their burden of proving that they possessed a legitimate expectation of privacy in the motel room.

On February 11, 2007, Officer John Nannen of the North Little Rock Police Department received a tip from a confidential informant that two black males, known as "Little Pat" and "Dan," were selling crack cocaine and ecstacy out of room 180 at the Howard Johnson Motel on West Pershing Avenue. The informant also advised that narcotics were being stored in "Little Pat's" PT Cruiser automobile that was parked by the room. Officer Nannen, Investigator Jeff Glover, and Officer David Petit went to the motel at 4:30 p.m., bringing along Officer Petit's dog that was trained in the detection of narcotics. The officers observed a PT Cruiser in the parking lot, and the dog alerted on the right, rear door seam of

---

[1] The trial court also revoked Anderson's probation which he had previously received for possession of cocaine with intent to deliver and possession of marijuana, but Anderson does not challenge the revocation in this appeal.

the vehicle. The officers then approached room 180 and knocked five or six times before the door was answered by Anderson, who appeared lethargic and sleepy. Upon inquiry, Anderson stated he was not responsible for the PT Cruiser but that he would get the person who was. Anderson left the door open, briefly went into the bathroom, then sat on the bed farthest from the door, and roused Givens, who was asleep on the bed near the door.

Once awakened, Givens acknowledged that he had borrowed the PT Cruiser from his sister, and he consented to a search of the vehicle. Givens then got dressed and accompanied Officers Nannen and Petit to the vehicle, while Investigator Glover and Anderson remained in the room. The officers found no drugs in the vehicle, but they located $4,360 in cash in the console. Officer Nannen asked Givens for permission to search the motel room, and Givens gave it. Anderson was also asked for consent to search the room, and he consented as well.

During the search, a Crown Royal bag and a scale with residue on it were found underneath the covers on the bed where Givens had been sleeping. Inside the Crown Royal bag were 161 ecstacy pills and a number of plastic baggies containing a total of sixty grams of cocaine. More pills and cocaine were found in the bathroom under a towel on a rack above the toilet. None of the officers recalled seeing any luggage or personal belongings in the motel room. Officer Nannen testified that he would have been required to inventory any personal items found in the room and that no inventory was made.

Testimony from the manager of the motel established that a person named Marlin Dwayne Patterson rented room 180 on February 11 for one day. Check-out time was the following day at noon.

Based on the testimony, appellants argued that suppression was mandated under Ark. R. Crim. P. 11.1(c), because the officers had not advised them of their right to refuse permission to search the room. Rule 11.1(c) provides:

> A search of a dwelling based on consent shall not be valid under this rule unless the person giving the consent was advised of the right to refuse consent. For purposes of this subsection, a "dwelling" means a building or other structure where any person lives or which is customarily used for overnight accommodation of persons. Each unit of a structure divided into separately occupied units is itself a dwelling.

The State did not respond to appellants' contention directly but argued instead that appellants had not proven that they possessed a legitimate expectation of privacy in the motel room because it was registered in the name of a third party, because appellants had no personal possessions in the room, and because the search occurred in the afternoon hours with no showing that appellants were to be overnight guests in the room. The trial court accepted the State's argument and denied the motion to suppress.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and giving due weight to inferences drawn by the circuit court. *State v. Harmon*, 353 Ark. 568, 43 S.W.3d 75 (2003). We reverse only if the circuit court's ruling is clearly erroneous or clearly against the preponderance of the evidence. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007).

Fourth Amendment rights against unreasonable searches and seizures are personal in nature. *Wigley v. State*, 73 Ark. App. 399, 44 S.W.3d 751 (2001). Thus, a person's Fourth Amendment rights are not violated by the introduction of damaging evidence secured by the search of a third person's premises or property. *Travis v. State*, 95 Ark. App. 63, 233 S.W.3d 705 (2006). For a person to claim the protection of the Fourth Amendment, the pertinent inquiry is whether the person manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as reasonable. *Id.*

It is well settled that the defendant, as the proponent of a motion to suppress, bears the burden of establishing that his Fourth Amendment rights have been violated. *Id.* To meet that burden, the defendant may testify at the suppression hearing without fear of his testimony being used against him at trial. *Ramage v. State*, 61 Ark. App. 174, 966 S.W.2d 267 (1998).

With the decision in *Minnesota v. Olsen*, 495 U.S. 91 (1990), the Supreme Court announced that a person's status as an overnight guest is alone sufficient to establish a legitimate expectation of privacy in the dwelling of the host. However, the Court has also held that a visitor, who is merely present with the consent of the householder, may not claim Fourth-Amendment protection. *Minnesota v. Carter*, 525 U.S. 83 (1998). In *Carter, id.*, the Court determined that the defendant who was visiting someone else's

apartment for a short time for the purpose of packaging cocaine did not possess a legitimate expectation of privacy in the apartment.

The expectation of privacy associated with a person's home applies with "equal force to a properly rented motel room during the rental period." *United States v. Rambo,* 789 F.2d 1289, 1296 (8th Cir. 1986). However, a defendant challenging a search and seizure occurring in the motel room of a third person must "demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Carter,* 525 U.S. at 88. A mere visitor, a person who is not an overnight guest, usually lacks a rightful expectation of privacy when present in the motel room of another. *United States v. Sturgis,* 238 F.3d 956 (8th Cir. 2001).

Consistent with these principles, Arkansas decisions recognize that invited guests of the registered occupant of a motel room may possess a legitimate expectation of privacy in the room, depending on the circumstances. In *Owen v. State,* 75 Ark. App. 39, 53 S.W.3d 62 (2001), we held that the defendant had standing to contest the search of a motel room where he had permission from the registered occupant to stay overnight in the room, he had obtained a key from the desk clerk, and he was present when the officers entered the room. By contrast, in *Rockett & Nooner v. State,* 319 Ark. 335, 891 S.W.2d 366 (1995), our supreme court held that Nooner failed to prove a legitimate expectation of privacy in a motel room registered to another person in which he was present for only a brief time. *See also Johnson v. State,* 303 Ark. 12, 792 S.W.2d 863 (1990) (holding that the Fourth Amendment does not stretch so far as to grant a privacy interest in hotel rooms rented to a third party where the defendant did nothing more than go inside the room for short periods of time).

Along similar lines, other courts have held that a defendant cannot establish a reasonable expectation of privacy in a motel room that is registered to a third party absent proof of a relationship with the registered guest. For instance, in *United States v. Conway,* 73 F.3d 975 (10th Cir. 1995), the defendant answered the motel room door to the police at 1:00 a.m. in a state of complete undress and claimed that he was there for the purpose of having sexual relations with his female companion. The court found that the defendant had not met his burden of proof because he had offered no evidence that he was an invited guest of the registered occupant. Also in *United States v. Carr,* 939 F.2d 1442 (10th Cir. 1991), the defendant's three-week occupancy of a motel room did

not confer standing where there was no evidence presented to show that the room was registered to him or that he was sharing the room with the registered occupant.

Examining the facts of this case, the record shows only that appellants were napping during the afternoon in a motel room that was registered to another person and that they had no personal belongings with them in the room. Otherwise, the nature of appellants' presence in the room and their status vis-à-vis the registered occupant were completely unexplained. Appellants failed to offer any evidence revealing how they came to be present in someone else's motel room, or how long they had been there. Appellants did not pay for the room, and there was no evidence that they had a key to it. Unlike *Owen v. State, supra,* there was no evidence introduced to show that appellants knew the registered occupant of the motel room or that they had permission from the registered occupant to stay overnight in the room. And, we cannot assume, without any factual support, that appellants' presence was somehow authorized simply because they were asleep in the room, as the record could just as easily suggest that appellants surreptitiously gained entry to the room without the knowledge and invitation of the registered occupant.

■ Clearly, the appellants had the burden of proof on this issue. *Travis v. State, supra.* The decisions in *Minnesota v. Carter, supra,* and *Rockett & Nooner v. State, supra,* instruct that a defendant's transitory presence in the premises of another does not automatically bestow a right under the Fourth Amendment to challenge the legality of a search of the premises. It is thus our conclusion that appellants' physical presence in the motel room, without more, does not establish that they possessed a legitimate expectation of privacy in the motel room that society is prepared to accept as reasonable. Consequently, we affirm the trial court's decision, because it is not clearly erroneous.

PITTMAN, C.J., BIRD and VAUGHT, JJ., agree.

ROBBINS and BAKER, JJ., dissent.

JOHN B. ROBBINS, Judge, dissenting. I dissent from today's majority opinion because I believe that the trial court clearly erred in concluding that appellants lacked standing to contest the search of the motel room to which officers gained entrance through their verbal consents. As correctly noted by the majority opinion, the rights secured by the Fourth Amendment are personal in nature.

*Rakas v. Illinois*, 439 U.S. 128 (1978). Thus, a defendant must have standing before he can challenge a search on Fourth Amendment grounds. *Id.*; *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Further, the proponent of a motion to suppress bears the burden of establishing that his Fourth Amendment rights have been violated. *McCoy v. State*, 325 Ark. 155, 925 S.W.2d 391 (1996).

At the suppression hearing, three police officers and the hotel manager were the only witnesses. Appellants did not testify at the suppression hearing to assert facts in support of their standing, although either could have done so without danger of self-incrimination, as noted by the majority opinion. Nonetheless, the appellants' burden to establish standing does not translate into a requirement that a defendant always testify to manifest a subjective expectation of privacy that society is prepared to recognize. Indeed, our court has accepted a person's name written on the hotel register as probative evidence of such an expectation of privacy. *See Rockett v. State, supra.*

What the trial judge had before him to consider were the following pertinent facts relevant to a reasonable expectation of privacy: two men accused of using this rented motel room as a drug-selling location; a closed door to the motel room; two men asleep in the motel room beds woken only after persistent knocking at the door; at least one of the men in partial undress; evidence that the officers believed these men possessed authority to give consent to search. Arkansas Rule of Criminal Procedure 11.2(c) requires that effective consent may be given for search of premises only from a person who "by ownership or otherwise, is apparently entitled to give or withhold consent."

While this appeal presents a fact scenario falling somewhere between the cases cited by the State and the case cited by appellants, I believe it demonstrates a greater privacy interest than that of persons coming and going intermittently from a hotel room in which their names were not registered. These men were sound asleep in the beds. As noted in the Supreme Court's opinion in *Minnesota v. Olson*:

> We are at our most vulnerable when we are asleep, because we cannot monitor our own safety or the security of our belongings. It is for this reason that, although we may spend all day in public places, when we cannot sleep in our own home, we seek out

another private place to sleep, whether it be a hotel room or the home of a friend. Society expects at least as much privacy in these places as in a telephone booth[.]

495 U.S. at 99.

Because I would hold that the trial court clearly erred in finding these men to lack standing, I dissent. I am authorized to state that Judge Baker joins in this dissent.