STATE of Arkansas *v.* Damon FUSON

CR 03-178                                   144 S.W.3d 250

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*Mike Beebe*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellant.

*Jeff Rosenzweig*, for appellee.

Annabelle Clinton Imber, Justice. This is an appeal brought by the State from a judgment of acquittal that followed a directed verdict in favor of appellee Damon Fuson. Fuson was charged with capital murder and aggravated robbery. The State's case-in-chief relied principally on the testimony of two accomplices. The circuit court concluded that the State failed to provide sufficient evidence to corroborate the accomplices' testimony as required by the Arkansas accomplice-corroboration statute, codified at Ark. Code Ann. § 16-89-111 (Supp. 2003), and directed a verdict of not guilty. On appeal, the State challenges the circuit court's interpretation of the statute and requests that we declare error. The State also challenges the

circuit court's discretionary ruling on an evidentiary matter. We dismiss the State's appeal for the reasons stated below.

As a threshold matter, we must determine the propriety of this appeal under Rule 3 of the Arkansas Rules of Appellate Procedure — Criminal. We have oft explained that there is a significant difference between appeals brought by criminal defendants and those brought on behalf of the State. *See State v. Pruitt,* 347 Ark. 355, 64 S.W.3d 255 (2002). The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution, but rather is only granted pursuant to the confines of Rule 3. *Id.* Appeals by the State are limited to instances where the court's holding would be important to the correct and uniform administration of the criminal law. *Id.* We only take appeals that are narrow in scope and involve the interpretation of law. *Id.* Where an appeal does not present an issue of interpretation of the criminal rules or statutes with widespread ramifications, it does not involve the correct and uniform administration of the law. *Id.* State appeals are not allowed merely to demonstrate the fact that the trial court erred. *Id.* Stated another way, this court will only accept appeals by the State when its holding will establish a precedent that will be important to the correct and uniform administration of justice. *Id.*

To determine whether this appeal is proper, we must determine whether the issue subject to appeal is one involving interpretation of a rule or statute, as opposed to one involving the application of a rule or statute. *Id.* An appeal that raises the issue of application, rather than interpretation, of a statutory provision does not involve the correct and uniform administration of the criminal law. *Id.* Moreover, where the resolution of the issue on appeal turns on the facts unique to that case, it cannot be said that the appeal is one requiring interpretation of our criminal rules or statutes with widespread ramifications. *Id.*

Fuson contends that "[this] appeal merely seeks an appellate application of the law to the particular fact pattern presented in this case . . . ." On the other hand, the State argues that this case is proper because "the trial court directed a verdict based upon its erroneous interpretation of the [Arkansas accomplice-corroboration statute]." The State argues that this court's precedent devolves from a misinterpretation of the Arkansas

accomplice–corroboration statute. Thus, the State argues that this appeal presents an issue of statutory interpretation.

■ We have recently addressed a similar situation in a State appeal. *See State v. McCormack,* 343 Ark. 285, 34 S.W.3d 735 (2000). In that case, we explained that a State appeal alleging that "[t]he trial court misinterpreted [a statute]" would be cognizable. *Id.* In this case, the State's alleged point of error is that "[t]he trial court erroneously interpreted Ark. Code Ann. § 16–89–111(e)(1) and divergent authority interpreting the statute when it granted the defendant's motion for directed verdict." While such a point of error may be properly framed in accordance with Rule 3, the State makes this argument for the first time on appeal. Specifically, the State argues on appeal that our case law interpreting Ark. Code Ann. § 16–89–111 is wrong; whereas, in its argument to the trial court, the State merely conceded that this court's interpretation of the statute becomes a part of the statute itself. The record reflects the following colloquy:

> THE STATE: Excuse me, Your Honor. The statute says what the law is.
>
> THE COURT: Let me see the statute.
>
> THE STATE: I think I printed it off in that thing I gave you, 6–16.
>
> DEFENSE COUNSEL: Your Honor, the statute is also conformed by judicial interpretation of it, and it becomes as part of the statute as what the statute says. The statute has words, and those words mean what the Supreme Court says they mean.
>
> THE STATE: I'm in agreement with Mr. Rosenzweig, but I also say that the statute says, tends to connect.

It is clear from this colloquy that the State failed to notify the trial court that it disagreed with this court's interpretation of Ark. Code Ann. § 16–89–111. Thus, no analysis was made or sought as to whether this court had misinterpreted the Arkansas accomplice–corroboration statute. We do not consider arguments made for the first time on appeal. *Barrett v. State,* 354 Ark. 187, 119 S.W.3d 485 (2003).

■ The State also seeks to have the court determine whether the corroborating evidence submitted in the instant case was sufficient to connect Fuson to the offense under the accomplice-corroboration statute. Any decision in response to this portion of the State's appeal would require us to consider the application of the accomplice-corroboration statute to the specific facts of this case. This we will not do. *See State v. Jones,* 321 Ark. 451, 903 S.W.2d 170 (1995).

For its second point on appeal, the State argues that the circuit court abused its discretion in denying the admission of certain evidence submitted pursuant to Rule 404(b) of the Arkansas Rules of Evidence. Because this point merely raises a question as to the application of a rule of evidence, we do not address the merits.

The State sought to introduce testimony from Fuson's parole officer about Fuson's drug use, citing Rule 404(b). That rule states:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2003). The State argued that the evidence was offered to prove motive — a need for money to buy drugs. After hearing arguments, the court ruled that the testimony would not be admissible because the State failed to show it to be relevant to the issues in the case.

■ The State does not argue that the circuit court misinterpreted the rule; instead, it only contends that the court abused its discretion in applying the rule. We recently addressed the propriety of a State appeal in a similar case. *See State v. Jones,* 322 Ark. 32, 907 S.W.2d 674 (1995). There, we held that the correct and uniform administration of justice did not require review of trial court's ruling that the probative value of evidence regarding the defendant's alleged gang membership was outweighed by the danger of unfair prejudice under Ark. R. Evid. 403. *State v. Jones,* 322 Ark. 32, 907 S.W.2d 674 (1995). We concluded that any

decision in response to the State's appeal would have to address the trial court's discretion in excluding evidence it apparently thought might result in unfair prejudice. *Id.* We explained that we will not consider an argument relating to the trial court acting within its discretion after making an evidentiary decision based on the facts at hand. *Id.* Similarly, the State makes the same argument in this appeal; that is, the State is challenging the discretion of the lower court's ruling with respect to relevancy under Rule 404(b). State appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Pruitt, supra.*

For the reasons stated herein, we dismiss the State's appeal.