Randall Thomas McARTY *v.* STATE of Arkansas

CR 05-951                                                221 S.W.3d 332

Supreme Court of Arkansas
Opinion delivered January 5, 2006

Petitioner, pro se.

No response.

Per Curiam. Randall Thomas McArty was convicted of first degree murder and sentenced to life imprisonment in the Arkansas Department of Correction. This court affirmed the judgment. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). McArty filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which was denied. In an unpublished opinion, this court affirmed that order. *McArty v. State*, CR 94-1010 (Ark. April 10, 1995). In April of 2005, McArty filed a motion to set aside judgment in the trial court, attempting to challenge the order denying postconviction relief on his Ark. R. Crim. P. 37.1 petition, once again, through Ark. R. Civ. P. 60. The motion was denied.

Petitioner McArty has now lodged a partial record in this court for the proceedings concerning the denial of his motion to set aside the judgment, and, in the petition for writ of *certiorari* now before us, requests that we bring up the record below so that he may proceed with an appeal of that order. Petitioner avers that the circuit court clerk has incorrectly refused to prepare the record for him without charge. Petitioner has also filed a motion to amend the petition, in order to show that he has now made a timely request for an extension of time in the circuit court. Whether or not the clerk has committed error, it is clear that petitioner could not, in either case, prevail on any appeal from the order. Because we dismiss the appeal, the petition for *certiorari* and the motion to amend are therefore moot.

This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (*per curiam*); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (*per curiam*); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (*per curiam*); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (*per curiam*). In this case, petitioner's motion was clearly without merit.

■ While petitioner sought to challenge the order denying postconviction relief, which is civil in nature, the challenge is ultimately to the judgment of conviction, and a criminal matter. This court has recognized that postconviction relief proceedings are civil in nature and applied the Rules of Appellate Procedure – Civil when necessary. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). However, we have never applied the Rules of Civil Procedure to postconviction relief proceedings. *Id*. In fact, we have specifically declined to apply Ark. R. Civ. P. 60 in criminal cases. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000), citing *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999). Petitioner has cited no authority and provided no convincing argument as to why we should make an exception here, so as to allow application of a rule of civil procedure in postconviction relief proceedings. This court will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002).

We have acknowledged that the *theory* behind Rule 60 has been applied in those criminal cases where we recognized a court's power to correct a judgment *nunc pro tunc* to make it speak the truth. *Dawson v. State*, 343 Ark. 683, 38 S.W.3d 319 (2001). We do not, however, apply Ark. R. Civ. P. 60 in criminal cases, including those involving a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. *Sanders*, 352 Ark. at 24, 98 S.W.3d at 40.

Appeal dismissed; petition and motion moot.