STATE of Arkansas *v.* Brandon ROWE

CR 07-1330                                                    285 S.W.3d 614

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellant.

*John Wesley Hall, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The State of Arkansas appeals, or in the alternative petitions this court for a writ of certiorari, from the Pulaski County Circuit Court's order declaring Act 1782 of 2001 unconstitutional. Because we conclude that the circuit court did not have jurisdiction to rule upon Appellee Brandon Clark Rowe's motion requesting declaratory relief, we grant the petition for a writ of certiorari.

In April 2006, Rowe pleaded guilty to several felony charges, including two counts of manufacturing methamphetamine and two counts of possession of drug paraphernalia with intent to manufacture methamphetamine. Sentencing was delayed, and on May 24, 2006, Rowe filed a motion for declaratory judgment asserting that Act 1782 of 2001 was unconstitutional. The main thrust of Rowe's motion was that Act 1782 was an unconstitutional repeal of the sunset clause of a statutory provision that requires persons convicted of certain offenses to serve seventy percent (70%) of their sentence prior to being eligible for parole. *See* Ark. Code Ann. § 16-93-611 (Repl. 2006).

At the August 24, 2006 sentencing hearing, the circuit court made an oral ruling on Rowe's motion stating, "I'm going to declare the 70% percent provision as applied to be unconstitutional and that will be reflected in the judgment." The first judgment and commitment order was entered September 5, 2006, and an amended judgment and commitment order was entered September 15, 2006. However, neither judgment contained a reference to the circuit court's ruling on Rowe's motion.

Almost a year later, on July 20, 2007, the circuit court entered a written order granting Rowe's motion and declaring Act 1782 of 2001 unconstitutional. In the order, the circuit court provided a lengthy explanation as to how the act violated article 5, § 23 of the Arkansas Constitution. In particular, the act was unconstitutional because the legislature could not determine the effect of the act from reviewing the text of the act alone. Accordingly, the court ruled that the seventy percent (70%) rule would not apply to Rowe, and, instead, the parole statutes would function as though the sunset clause had not been repealed by Act 1782. Because the parties did not receive notice of the entry of the July 20 order, the parties and the court agreed to vacate the order, and an identical order was entered on October 1, 2007.

As a threshold issue, we must determine the propriety of this appeal under Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. A significant difference exists between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Fuson*, 355 Ark. 652, 144 S.W.3d 250 (2004). The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution, but rather is only granted pursuant to the confines of Rule 3. *Id.* Appeals by the State are limited to instances where the court's holding would be important to the correct and uniform administration of the criminal law. *Id.* We only take state appeals which are narrow in scope and involve the interpretation of law. *Id.* Where an appeal does not present an issue of interpretation of the criminal rules or statutes with widespread ramifications, it does not involve the correct and uniform administration of the law. *Id.* State appeals are not allowed merely to demonstrate the fact that the circuit court erred. *Id.* Stated another way, this court will only accept appeals by the State when its holding will establish a precedent that will be important to the correct and uniform administration of justice. *Id.* To determine whether this appeal is proper, we must decide whether the issue subject to appeal is one involving interpretation of a rule

or statute, as opposed to one involving the application of a rule or statute. *Id.* An appeal that raises the issue of application, rather than interpretation, of a statutory provision does not involve the correct and uniform administration of the criminal law. *Id.*

Even if a direct appeal is not proper under Rule 3, this court has the discretion to treat an appeal from an order, judgment, or decree that lacks judicial support as if it were brought up on petition for writ of certiorari. *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). A writ of certiorari only lies where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Id.* These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Id.* The court will grant a writ of certiorari only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* It is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of facts, or to reverse a circuit court's discretionary authority. *Id.*

Although the State's brief may have presented an issue upon which we could hear an appeal under Rule 3, the State's notice of appeal was not timely. It appears that by vacating the July 20 order and then reinstating an identical order on October 1, 2007, the circuit court was attempting to extend the time to file a notice of appeal. Our rules of appellate procedure in criminal cases do not provide for such an extension.[1] Although a criminal defendant may file a petition for belated appeal with this court, that remedy is not available to the State. *See* Ark. R. App. P.–Crim. 2(e) (2008). Accordingly, the time for the State to file a notice of appeal was thirty days after the July 20 order was filed. Thus, the State's notice of appeal, which was filed October 2, 2007, was untimely. But, because we agree with the State's

---

[1] We note that under the Arkansas Rules of Appellate Procedure–Civil 4, when a court fails to give the parties notice of an entry of an order or judgment, a party may move for an extension of the time to file a notice of appeal, and the circuit court may grant a fourteen-day extension. *See* Ark. R. App. P.–Civil 4(b)(3) (2008). No similar provision exists in the Arkansas Rules of Appellate Procedure–Criminal. Furthermore, as stated *infra*, we have declined to apply Arkansas Rule of Civil Procedure 60(a) to criminal proceedings.

contention that the circuit court did not have jurisdiction to hear Rowe's motion, we will treat the State's appeal as a petition for certiorari.

■ The State argues that Rowe's motion was a posttrial motion pursuant to Arkansas Rule of Criminal Procedure 33.3, and because the circuit court did not enter a written ruling within thirty (30) days of the entry of the judgment, the motion was deemed denied. We do not agree with the State's argument. While Rowe made the motion after he pled guilty, the motion was made before sentencing, and it did not challenge either Rowe's conviction or sentence. Instead, Rowe's motion addressed the collateral issue of his parole eligibility once he was sentenced. The motion was not posttrial in nature, and because the circuit court did not enter a written ruling prior to the judgment and commitment order being filed, the motion did not survive following the entry of judgment.[2] *See* Admin. Order No. 2.

■ However, even if Rowe's motion had been a posttrial motion, the motion would have been deemed denied under Rule 33.3 because the circuit court did not enter a written order on the motion within thirty (30) days of the entry of the judgment. Ark. R. Crim. P. 33.3(c) (2008). Accordingly, the circuit court would have lost jurisdiction to rule on the motion on the thirtieth day after the judgment was filed.

Rowe's motion also did not survive the entry of the judgment and commitment order by way of any other means. We have applied the theory behind Arkansas Rule of Civil Procedure 60(b) to criminal cases because Rule 60(b) embodies the common law rule of nunc pro tunc orders, which is applicable in both civil and criminal cases. *See McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999) (interpreting former version of the rule). Pursuant to Rule 60(b) a circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order. Ark. R. Civ. P. 60(b) (2008). A circuit court's power to correct mistakes or errors is to make "the record speak the truth, but not to make it speak

---

[2] Rowe argues that the written transcript of the August 24, 2006 sentencing hearing should be sufficient to serve as a written order. That argument, however, is meritless because it is in direct contravention with Administrative Order Number 2, which dictates that a ruling is not final until a written order is filed with the clerk of the court. *See* Ark Sup. Ct. Admin. Order No. 2(b)(2); *see also Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003).

what it did not speak but ought to have spoken." *Lord v. Mazzanti,* 339 Ark. 25, 29, 2 S.W.3d 76, 79 (1999).

In the instant case, the circuit court's oral ruling on August 24, 2006, indicated that the ruling would be incorporated into the judgment. However, the ruling as to Act 1782 was not included in either the original or amended judgment and commitment order. The written order, filed July 20, 2007, did far more than reiterate the circuit court's oral ruling that the act was unconstitutional. Instead, the written order provided a lengthy explanation as to why Act 1782 was unconstitutional and stated that Rowe's parole eligibility would not be affected by the seventy percent (70%) rule. In sum, the circuit court's order was an attempt to have the record reflect what should have happened and not what happened but was not recorded.

Additionally, while Arkansas Rule of Civil Procedure 60(a) allows for a circuit court to modify or vacate a judgment, order, or decree, within ninety days of its having been filed with the clerk, we have emphatically stated that Rule 60(a) does not apply to criminal proceedings. *Ibsen v. Plegge,* 341 Ark. 225, 15 S.W.3d 686 (2000). Nor have we allowed for the application of Arkansas Rule of Civil Procedure 60(c), which allows a court to set aside a judgment more than ninety (90) days after the entry of judgment. *See McCarty v. State,* 364 Ark. 517, 221 S.W.3d 332 (2006); *Ibsen v. Plegge, supra.*

Even so, the circuit court still would not have had the authority to rule upon Rowe's motion under the provisions of Rule 60. Rowe's motion does not meet any of the requirements listed in Rule 60(c), and the circuit court did not rule on Rowe's motion within ninety (90) days of the judgment being entered.

For the above stated reasons, we conclude that the circuit court lost jurisdiction to rule on Rowe's motion when the judgment and commitment order was entered.

Writ granted.

HANNAH, C.J., and DANIELSON, J., dissent.

JIM HANNAH, Chief Justice, dissenting. While I agree with the majority's conclusion that the State failed to timely file its appeal and the conclusion that Rowe's motion was not a posttrial motion pursuant to Arkansas Rule of Criminal Procedure 33.3, I

disagree with the majority's conclusion that the circuit court did not have the authority to rule upon Rowe's motion pursuant to Arkansas Rule of Civil Procedure 60(b). Accordingly, I dissent, and I would deny the State's petition for writ of certiorari.

A circuit court may enter an order nunc pro tunc at any time to make the record "speak the truth and to correct a clerical mistake *but not to modify a judicial act.*" *McCuen v. State*, 338 Ark. 631, 634, 999 S.W.2d 682, 683 (1999) (emphasis added). At the August 24, 2006 hearing, the circuit court made the following rulings:

> I'm going to sentence you to ten years in the Arkansas Department of Correction, give you credit for 30 days on this. I'm going to declare the 70 percent provision as applied to be unconstitutional and that will be reflected in the judgment and it will be concurrent on all counts and all cases.

> And then on the other case, actually, it will be the same thing, ten years — let me make this clear because the record has to be clear. On count one — 2005-2876, ten years on count one. I'm finding the provisions to be unconstitutional. Counts two and three, $2500 fine and that's concurrent with Case No. 2005-4460. Counts four and five will merge.

> Then finally in the last case, which is 2004-790, count one again, ten years. I'm going to declare the 70 per cent rule unconstitutional and inapplicable.

While the circuit court indicated from the bench that the rulings regarding Act 1782 would be included in the judgment, the rulings were not incorporated into either the original or amended judgment and commitment order. Thereafter, the circuit court, in its written order filed July 20, 2007, concluded that Act 1782 was unconstitutional. In no way did the circuit court modify a judicial act. Rather, it reiterated its August 24, 2006 ruling that Act 1782 was unconstitutional.

The majority states that the circuit court's order was an attempt to have the record reflect what should have happened and not what happened but was not recorded because the written order "provided a lengthy explanation as to why Act 1782 was unconstitutional and stated that Rowe's parole eligibility would not be affected by the seventy percent (70%) rule." I do not agree. The

bottom line is that at the August 24, 2006 hearing and in the July 20, 2007 order, the circuit court found Act 1782 unconstitutional and explained that the 70% provision would not be applied to Rowe's sentence. The fact that a circuit court's written order will often explain with specificity its oral ruling from the bench should not be viewed as an attempt by the circuit court to have the record reflect what should have happened and not what happened but was not recorded. Because I believe the circuit court had the authority to enter the order pursuant to Rule 60(b), I would deny the State's petition for writ of certiorari.

As a final note, I wish to mention that the State argued that Rowe did not have standing to challenge the parole-eligibility statute because, at the time he filed his motion for declaratory judgment, he had not been sentenced. This court will grant a writ of certiorari when the circuit court lacked *jurisdiction* to enter an order. However, this court does not treat standing as a jurisdictional issue. *See, e.g., State v. Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). Therefore, a challenge to a party's standing should be raised in an appeal, not in a petition for writ of certiorari. The remedy of an appeal was available to the State in this case; however, the State waived its right to appeal when it failed to timely file its notice of appeal. A petition for writ of certiorari cannot be used as a substitute for an appeal.

DANIELSON, J., joins.