2011 Ark. App. 6

**Anthony VERBITSKI, Appellant**

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

**No. CA 10–582.**

Court of Appeals of Arkansas.

Jan. 5, 2011.

James F. Swindoll, Little Rock, for appellant.

Joseph Patrick McKay, Martin A. Kasten, Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

On June 22, 2007, appellant Anthony Verbitski filed suit against appellee Union Pacific Railroad Company under the Federal Employers' Liability Act (FELA). In his complaint, Mr. Verbitski alleged that during his employment with Union Pacific he was injured on three separate occasions as a result of appellee's negligence. Mr. Verbitski failed to serve Union Pacific with a summons and the complaint within 120 days as prescribed by Arkansas Rule of Civil Procedure 4(i), and there was no order entered granting an extension of time. As a result, on October 28, 2009, the trial court granted Union Pacific's motion to dismiss the complaint for lack of valid service, and the dismissal was with prejudice. Mr. Verbitski now appeals from the order dismissing his complaint.

On appeal, Mr. Verbitski argues that the trial court abused its discretion in dismissing his complaint because he substantially complied with Rule 4(i). Mr. Verbitski further argues that the trial court should have entered an order *nunc pro tunc* reflecting that an oral motion for an extension of time to effect service was made and granted prior to the expiration of 120 days. Finally, Mr. Verbitski contends that the trial court abused its discretion in failing to apply "equitable tolling" of the statute of limitations pursuant to FELA. We affirm.

Prior to filing his complaint, Mr. Verbitski retained the services of Robert Marcus, who practices law in Illinois. Because Mr. Marcus is not licensed to practice in Arkansas, Randall Morley was hired as local counsel. Mr. Morley filed the three-count complaint on behalf of Mr. Verbitski on June 22, 2007. The alleged incidents of negligence resulting in Mr. Verbitski's injuries occurred on July 3, 2004, February 19, 2006, and January 26, 2007.

On November 5, 2007, the circuit clerk issued the following notice to Mr. Marcus and Mr. Morley:

ARCP 4(i) provides that failure to obtain service upon the defending party within 120 days of the filing of the complaint/motion shall result in dismissal without prejudice. Further, ARCP 4(g) requires that proof of service be filed within the time required for the filing of an answer by the defending party.

The above noted case does not have the required return of service filed in the Pulaski County Circuit Clerk's office. If service has been perfected, please file immediately. The action will be dismissed two (2) weeks from the date of this notice if no further action is filed.

Sometime during this time period Mr. Morley withdrew as local counsel, and Mr. Marcus hired Terry Dugger to serve as local counsel and effect service.

Meanwhile, a second lawsuit was filed by appellant on January 8, 2008, and the complaint was exactly the same as the complaint in the first lawsuit, but given a different case number. The second lawsuit was never served on Union Pacific. As a result, the second lawsuit was dismissed without prejudice on July 9, 2008. There was no appeal from that order of dismissal.

The summons and complaint in the first lawsuit, which is the subject of this appeal, was first served on Union Pacific on January 22, 2008. The original summons incorrectly provided that Union Pacific, a foreign corporation, had only twenty days to file a responsive pleading. A corrected summons and complaint was served on Union Pacific on February 12, 2008.

Union Pacific filed an answer to Mr. Verbitski's complaint on February 7, 2008. In its answer, Union Pacific asserted insufficiency of service of process as an affirmative defense. Mr. Marcus subsequently filed a motion for admission to appear *pro hac vice*, which the trial court granted on February 28, 2008. Mr. Marcus represented Mr. Verbitski throughout the remainder of the trial court proceedings.

On September 17, 2008, Union Pacific filed a motion and brief to dismiss the first lawsuit for insufficiency of service of process. In its brief, Union Pacific asserted that it received defective service of the summons 214 days after the complaint was filed, and received the second summons 235 days after the complaint was filed. Because the summons and complaint were not served within 120 days, Union Pacific asserted that Rule 4(i) required dismissal.

Mr. Verbitski filed a response to Union Pacific's motion to dismiss and an accompanying brief on December 10, 2008. In his response, Mr. Verbitski alleged:

1. Plaintiff's Complaint was filed on June 22, 2007. by Anthony Verbitski's local counsel, Randy Morley. Morley was retained to file the Complaint, initiate *Pro Hac Vice* proceedings for the lawyers of Kujawski & Associates, P.C., and effectuate service on the Defendant. Amy Morley, daughter of Morley, was an employee of Morley's law firm.

2. Amy Morley filed the Complaint on June 22, 2007. She was to return the file-stamped copy of the Complaint and Summons to her father the following week so Randy Morley could effectuate service. Before doing so, Amy tragically committed suicide on June 26, 2007.

3. That the finding of his daughter [sic] caused Morley great emotional distress, causing him to take an involuntary sabbatical from his law practice.

4. After returning from his sabbatical, Morley represented to the office of the undersigned that he would effectuate service on the Defendant.

5. In August, 2007, Morley orally requested an Extension of Time in which to complete service, and believed that his request was granted.

6. After Morley obtained Court approval for an extension, Morley believed that his role in preserving the service issue was complete.

7. Due to Morley's personal crisis, it was agreed that he would withdraw as local counsel. Plaintiff retained Terry Dugger, of Busfield & Dugger, to act as local counsel and effectuate service on the Defendant.

8. Dugger completed service on the Defendant on January 22, 2008. Out of an abundance of caution and due to a typographical error on the Summons, Dugger reserved the Defendant on February 12, 2008. This constituted timely service under Arkansas law.

9. Defendant filed a Motion to Dismiss arguing that Plaintiff did not move for an Extension of Time within the original 120 days. A careful review of the Court file reflects that Morley's oral Motion for an Extension of Time and the granting of Morley's oral Motion was not reduced to writing.

10. Defendant's Motion should be denied because Morley requested an Extension of Time to serve the Defendant, and the Court granted that Motion.

Attached to appellant's response was the following affidavit by Randy Morley:

1. I am an attorney licensed to practice law in Arkansas.

2. In June 2007, I was retained by Kujawski and Associates, P.C. to act as local counsel for the matter of *Anthony Verbitski v. Union Pacific.*

3. Specifically, my duties were to file a Complaint on behalf of Anthony Verbitski, to serve the Defendant, Union Pacific with the Complaint, and initiate *pro hac vice* proceedings for the lawyers of Kujawski & Associates, P.C.

4. As part of my practice as an attorney, during the summers I used the services of my daughter, Amy Morley, as a runner for filing of documents with the local courts.

5. Anthony Verbitski's Complaint was filed on Friday, June 22, 2007 and was to be returned by my daughter the following week for service upon the Defendant.

6. In the early morning hours of June 26, 2007, my daughter committed suicide at the home of her mother.

7. In August of 2007, I contacted court personnel to obtain a 120-day extension for serving Defendant.

8. It was my belief that I had obtained a 120-day extension to serve defendant Union Pacific in this case.

In Mr. Verbitski's brief, he argued that there had been compliance with Rule 4(i), and that the trial court should enter an order *nunc pro tunc* to reflect the oral order granting an extension of time. He also argued that "equitable tolling" should apply under FELA.

After a hearing on Union Pacific's motion to dismiss, the trial court granted the motion and entered an order of dismissal on October 28, 2009. In its order, the trial court made the following findings:

> There is no admissible evidence that an extension of the 120-day time period to serve Union Pacific was granted or that an order extending the 120-day time period for service was entered as required by Ark. R. Civ. P. 4(i). The Court finds that the affidavit attached to Anthony Verbitski's Response is not determinative for purposes of deciding whether Union Pacific was properly served pursuant to Rule 4(i). The Court takes judicial notice of its docket and finds that no proof of service was filed showing service within 120 days of the filing of the Complaint and no order granting an extension of time to serve Union Pacific was entered pursuant to Ark. R. Civ. P. 4(i).

Because Mr. Verbitski did not serve the complaint within 120 days, the complaint was dismissed. The trial court ruled that because the statute of limitations had expired as to counts I and II, those counts were dismissed with prejudice. Moreover, because there had been a previous dismissal in the second lawsuit filed by Mr. Verbitski, the trial court ruled that dismissal of all three counts was with prejudice and operated as an adjudication on the merits in accordance with Ark. R. Civ. P. 41(b).

In this appeal, Mr. Verbitski first argues that the trial court erred in dismissing his complaint because he substantially com-

plied with Rule 4(i). Rule 4(i) provides, in relevant part:

> *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. The order granting any such extension, however, must be entered within 30 days after the motion to extend is filed, or by the end of the 120-day period, whichever date is later.

Because the complaint was filed on June 22, 2007, service was due on October 20, 2007. However, Mr. Verbitski maintains that he received an oral extension of 120 days, giving him until February 17, 2008, to obtain service. Because service was obtained, at the latest, on February 12, 2008, Mr. Verbitski asserts that service was timely.

Mr. Verbitski notes that at the hearing on the motion to dismiss, the trial court acknowledged that Mr. Morley most likely called the court and was verbally granted the extension he requested. However, the trial court stated that the rule makes it clear that there must be an order entered, memorializing the extension. Mr. Verbitski contends that this was error. He argues that his oral request for an extension and the trial court's oral grant of his request constituted substantial compliance with Rule 4(i). Mr. Verbitski asserts that Mr. Morley's daughter's suicide undoubtedly constituted good cause for an extension, that an extension was granted pursuant to the rule, and that the trial court erred in dismissing his action.

Contrary to Mr. Verbitski's argument, there was no compliance with Rule 4(i) in this case. The rule provides that the order granting an extension "must be *entered* within 30 days after the motion to extend is filed, or by the end of the 120-day period, whichever date is later." (Emphasis added.) The rule makes it clear that to be effective an order of extension must be entered, which was not done in this case. Our supreme court has held that an oral order is not effective until entered of record. *Exigence, LLC v. Baylark,* 2010 Ark. 306, 367 S.W.3d 550.

Mr. Verbitski's claim that there was substantial compliance with the rule is misplaced. Service requirements under Rule 4(i) must be strictly construed, and compliance with them must be exact. *Kangas v. Neely,* 346 Ark. 334, 57 S.W.3d 694 (2001). In this case it is undisputed that Mr. Verbitski never filed a motion for extension and no order granting an extension was ever entered. Mr. Verbitski cites no authority to support his contention that an oral order is a valid substitution for an entered order as required by the plain language of Rule 4(i).

When service requirements are not met, the trial court's jurisdiction extends only to the act of ordering a dismissal of the case and nothing more. *Boyd v. Sharp County Circuit Court,* 368 Ark. 566, 247 S.W.3d 864 (2007). Any other act by the trial court constitutes a plain, manifest, clear, and gross abuse of discretion. *See id.* Because there was no strict compliance with the service requirements in this case, the trial court properly dismissed the action.

Mr. Verbitski next argues that the trial court should have entered an order *nunc pro tunc* reflecting that his oral motion for extension was granted. He relies on *Francis v. Protective Life Ins. Co.,* 371 Ark. 285, 265 S.W.3d 117 (2007), where our supreme court wrote:

Arkansas Rule of Civil Procedure 60 and case law extending back over 150 years give circuit courts the authority to correct a clerical mistake in an order at any time with a *nunc pro tunc* order, used to "make the record speak now what was actually done then." *See* Ark. R. Civ. P. 60 (2007); *Lord v. Mazzanti,* 339 Ark. 25, 2 S.W.3d 76 (1999); *Bridwell v. Davis,* 206 Ark. 445, 447, 175 S.W.2d 992, 994 (1943). A circuit court is permitted to enter a *nunc pro tunc* order when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk. *Rossi v. Rossi,* 319 Ark. 373, 892 S.W.2d 246 (1995). This court has defined a true clerical error, one that may be corrected by *nunc pro tunc* order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Luckes v. Luckes,* 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978).

*Id.* at 293, 265 S.W.3d at 123. Mr. Verbitski submits that due to some error in the trial court's filing system, the extension that had been orally granted was never made part of the record. He further posits that Rule 4(i) is vague and ambiguous with regard to a situation where a plaintiff makes a timely motion for extension of time, and the motion is granted but not made part of the record within 30 days or the expiration of the original 120–day period. Mr. Verbitski argues that a *nunc pro tunc* order should have issued in this case to correct the record and reflect what was actually done.

■ We hold that the trial court committed no error in refusing to enter a *nunc pro tunc* order as proposed by Mr. Verbitski. Arkansas Rule of Civil Procedure 60(b) embodies the common law rule of *nunc pro tunc* orders. *State v. Rowe,* 374 Ark. 19, 285 S.W.3d 614 (2008). Pursuant to Rule 60(b) a trial court can enter an order *nunc pro tunc* at any time to correct clerical errors in a judgment or order. *Id.* A trial court's power to correct mistakes or errors is to make "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord v. Mazzanti,* 339 Ark. 25, 29, 2 S.W.3d 76, 79 (1999).

In the case at bar, there was never any order entered, but only an affidavit by Mr. Morley professing his belief that he had obtained an extension from court personnel. Rule 60(b) speaks in terms of correcting existing orders, and not inserting orders that were never entered. Moreover, it is not evident that any clerical errors or misprisions were made in this case. Mr. Verbitski simply failed to obtain any extension to effect service because no such order was entered pursuant to the terms of Rule 4(i). And contrary to his argument, the effect of such failure was not ambiguous. Because no order of extension was timely entered, it was incumbent on Mr. Verbitski to obtain service within 120 days of the filing of his complaint, which he undisputedly failed to do. Moreover, Mr. Verbitski failed to obtain a ruling on his claim of entitlement to a *nunc pro tunc* order.

■ Mr. Verbitski's remaining argument is that the trial court abused its discretion in failing to apply "equitable tolling" pursuant to the Federal Employers' Liability Act. He cites *Glus v. Brooklyn Eastern Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), for the proposition that under FELA, the statute of limitations may be extended for equitable reasons. In *Glus,* the defendant's agents had allegedly represented to plaintiff that he had seven years in which to sue rather than the three years provided by FELA. Under those facts, the supreme

court held that plaintiff was entitled to prove at trial that the defendant was estopped from asserting the three-year statute of limitations due to the alleged misrepresentation. In the instant case Mr. Verbitski alleges no such deception, clearly distinguishing it from *Glus.*

Mr. Verbitski also cites *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In that case, the supreme court held that when a plaintiff begins a timely FELA action in a state of competent jurisdiction, *service of process is made upon the opposing party,* and the state court action is later dismissed because of improper venue, the FELA limitations period is tolled during the pendency of the State action. (Emphasis added.) In the present case, Mr. Verbitski asserts that he filed his complaint within the three-year limitations period from the date of his initial accident as required by FELA, and that the limitations period should be tolled through the date of service on February 12, 2008. However, Mr. Verbitski never obtained valid service, and neither of these cases is persuasive or controlling on our court. Furthermore, Mr. Verbitski failed to obtain a ruling from the trial court on his claim for equitable tolling.

In the order of dismissal being appealed, the trial court found that because the limitations period had expired as to counts I and II, those counts were dismissed with prejudice. However, the trial court also ruled on alternate grounds that all three counts were dismissed with prejudice pursuant to Rule 41(b), because Mr. Verbitski's second lawsuit raising the exact same issues had previously been dismissed. Rule 41(b) provides that a dismissal operates as an adjudication on the merits when the action has been previously dismissed. Because Mr. Verbitski does not challenge that ruling on appeal, the dismissal of his entire complaint was with prejudice and it is immaterial whether the limitations periods had expired.

Affirmed.

PITTMAN and BROWN, JJ., agree.