2011 Ark. App. 359

**Mady J. MAGUIRE, Appellant**

**v.**

**W. Gene JINES, D.D.S., W. Gene Jines, D.D.S., P.A., and John Does 1–50, Appellees.**

**No. CA 10–474.**

Court of Appeals of Arkansas.

May 11, 2011.

Kelly P. Carithers, Fayetteville, for appellees.

CLIFF HOOFMAN, Judge.

Appellant Mady Maguire appeals from the trial court's dismissal without prejudice of her negligence action against appellee W. Gene Jines, D.D.S., and the court's later dismissal with prejudice of her complaint against appellees Dr. Jines and W. Gene Jines, D.D.S., P.A.[1] On appeal, Maguire argues that (1) the first dismissal of her complaint should be vacated for constructive fraud on the trial court and (2) that the second dismissal was also erroneous because she substantially complied with the service-of-process requirements set out in Ark. R. Civ. P. 4(i) (2010). We disagree and affirm on both points.

Maguire filed a complaint against Dr. Jines on September 21, 2007, alleging claims of negligence, lack of informed consent, outrage, deceit, and breach of contract in association with a dental procedure performed in fall 2005. Dr. Jines answered on October 10, 2007, and sent a set of interrogatories to Maguire on that same day. On November 16, 2007, Dr. Jines's attorney wrote to Maguire's then-attorney asking for her discovery responses within ten days. Maguire did not respond to the letter, and on November 28, 2007, Dr. Jines filed a motion to compel her response to discovery. The trial court entered an order on January 15, 2008, granting Dr. Jines's motion to compel and directing Maguire to respond to the discovery requests within five days.

Dr. Jines filed a motion to dismiss the complaint in February 2008, and the trial court held a hearing on the motion on May 8, 2008. At that hearing, counsel for Dr. Jines explained that, while Maguire had provided some responses to the interrogatories, the responses were deficient in that they did not identify an expert witness, they provided no information regarding Maguire's alleged damages, and they did not include a signed medical-release form as requested. Counsel noted that Maguire had contacted Dr. Jines directly to try to obtain her dental records but asserted that he had previously provided Maguire's medical records to her former attorney. When counsel learned that Maguire was now representing herself and that she claimed not to have received the records, he offered to provide another copy of her records upon her request. Counsel suggested that the proper course of action would be a dismissal without prejudice for Maguire's failure to perform discovery, which would "let her get her recommendations, experts, and records together."

Maguire, appearing pro se, argued that Dr. Jines's counsel had been correspond-

---

1. Although Maguire also named "John Does 1–50" as defendants and the trial court's order of dismissal does not specifically name these "John Doe" defendants, Ark. R. Civ. P. 54(b)(5) provides that "[a]ny claim against a named but unserved defendant, including a 'John Doe' defendant, is dismissed by the circuit court's final judgment or decree." No John Doe defendants were ever served in this case. Accordingly, there does not appear to be a finality problem with the trial court's order of dismissal with prejudice.

ing with her previous attorney, that he was aware that Maguire had been sick, and that he had indicated that she could have more time to complete discovery. She introduced evidence showing that she had been very ill but stated that she would now like to proceed with her case. She stated that she had answered the majority of the interrogatories in February, and she offered a copy of her signed medical-release form to Dr. Jines at the hearing. Maguire acknowledged that she had not yet identified an expert but stated that she intended to get an expert to look at her medical records as soon as she received them.

The trial court initially informed Maguire that she could either go forward without an expert or, alternatively, the court would allow her to take a nonsuit and refile her complaint once she had obtained an expert. After Maguire objected to these two options, the court decided to enter an order of dismissal without prejudice for her failure to comply with discovery requests, allowing her time to prepare her case and to refile her claim within one year. The order was entered on May 8, 2008.

On May 7, 2009, Maguire filed a second complaint against Dr. Jines and his professional association, W. Gene Jines D.D.S., P.A. On September 3, one day before the 120-day time period for service of the complaint and summons expired, Maguire obtained a signed order of extension of time to complete service on Dr. Jines; however, the order was not filed until October 7, 2009. The complaint was served on Dr. Jines on September 10, 2009, but the P.A. was never served. Dr. Jines filed an answer on September 28, 2009, in which he affirmatively pleaded that the complaint should be dismissed for insufficiency of process and insufficiency of service of process.

On October 9, 2009, Dr. Jines and W. Gene Jines, D.D.S., P.A., filed a motion for summary judgment. Dr. Jines argued that the complaint should be dismissed as to him due to Maguire's failure to comply with Ark. R. Civ. P. 4(i); Dr. Jines, P.A., argued that the complaint should be dismissed as to it because the statute of limitations had expired. Both defendants claimed that the dismissal should be with prejudice.

After a hearing on December 22, 2009, the circuit court entered an order of dismissal with prejudice on December 30, 2009. The court found that Maguire failed to serve separate defendant Dr. Jines within the time permitted, failed to file a motion for extension within 120 days from the date the complaint was filed, and failed to file an order of extension within thirty days of the motion being filed or 120 days of the complaint being filed. As a second dismissal, the court found that the complaint against Dr. Jines should be dismissed with prejudice. In addition, the court found that the complaint against W. Gene Jines, D.D.S., P.A., should be dismissed with prejudice because Maguire's claims were barred by the running of the statute of limitations. The court rejected Maguire's argument that the court had discretion under Rule 4(h), which allows a summons and proof of service to be amended upon such terms as the court deems just, to extend the time limit for service beyond the requirements in Rule 4(i). The court further concluded that there was no evidence of fraud or deceit on the part of the defendants in evading service. Maguire now appeals from the trial court's dismissal with prejudice of her complaint, and she also asserts error with respect to the first dismissal of her complaint without prejudice.

Maguire contends that the first dismissal of her complaint for failure to

comply with an order of discovery should be vacated under Ark. R. Civ. P. 60(c)(4) (2010), due to misrepresentation or fraud. She claims that misrepresentation or fraud occurred by opposing counsel's actions in filing the motion to compel after he had previously given an extension of time to answer discovery due to her illness, and also in representing to the trial court that he had sent her medical records to her attorney when she did not ever receive them. However, Maguire did not raise this issue to the trial court, such as in a motion to vacate the dismissal, and thus, there is no ruling to review. We will not consider arguments on appeal when the party has failed to obtain a ruling from the trial court. *Johnson v. Cincinnati Ins. Co.*, 375 Ark. 164, 289 S.W.3d 407 (2008).

Maguire's first complaint was dismissed due to her failure to timely complete the interrogatories and requests for documents sent by Dr. Jines. Under Ark. R. Civ. P. 37(b) (2010), when a party fails to comply with a discovery order, the trial court may make such orders in regard to the failure as are just, including refusing to allow the disobedient party to support designated claims or introduce designated matters in evidence or entering an order to dismiss the action. The trial court has broad discretion in discovery matters, and the exercise of that discretion will not be reversed on appeal absent an abuse of that discretion. *Ballard v. Martin*, 349 Ark. 564, 79 S.W.3d 838 (2002).

In this case, Maguire filed her complaint on September 21, 2007, two years after the alleged negligence occurred, and the answer and interrogatories were served on October 10, 2007. When there was no response within thirty days, counsel for Dr. Jines sent a letter to Maguire's counsel on November 16, 2007, in a good-faith effort to resolve the issue, as required under Rule 37(a)(2). Dr. Jines then filed a motion to compel on November 28, 2007. However, when he learned that Maguire was ill, Dr. Jines did not pursue the motion and allowed more time for her to answer discovery. After Maguire still failed to provide answers to the interrogatories, an order was entered by the trial court on January 15, 2008, granting the motion and directing her to respond fully within five days. She did not do so until early February, and she also failed to provide certain requested information, such as the identity of her expert witness, the amount of damages, and a signed medical release. Dr. Jines at that time filed his motion to dismiss. At the hearing on the motion in May 2008, Maguire informed the trial court that she still could not identify an expert witness. The trial court then allowed her the option of proceeding without an expert witness or taking a nonsuit and later refiling the claim when she had gathered her evidence. When Maguire refused to choose, the trial court advised her that the case would be dismissed without prejudice. The court explained,

> I am persuaded that Mr. Littleton has followed all of the steps required by the Rules. Before he filed a motion to compel he sent the letter asking in good faith, then he filed a motion to compel. I personally recall holding the motion for a period of time just because I generally don't like to get these things dismissed because I like people to do discovery and I understood that there were some problems, and so I held it for a while myself. Then he held it for a while before he even enforced it. And then after he enforced it, he still gave you all another chance to answer.

Although Maguire argues that she was unable to procure an expert witness because she was not provided with her medical records, Dr. Jines's counsel stated that

he had given them to her prior attorney. Maguire alleged that she never received these records, but she admitted that counsel for Dr. Jines had sent a letter, in which he stated that he had already provided the records and that if she needed another copy, he would resend them upon request. Maguire did not provide any evidence that she again requested these records after receiving this letter. Moreover, by dismissing the case without prejudice, the trial court was allowing her more time to procure her records, along with an expert witness, and to then refile her case. In *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998), our supreme court upheld the dismissal *with* prejudice of the plaintiffs' claims for their failure to comply with a discovery order, finding that the sanction was harsh but that it was within the trial court's discretion and authorized by Rule 37. Thus, in the present case, it was not an abuse of discretion for the trial court to dismiss Maguire's complaint *without* prejudice.

The second issue presented by Maguire on appeal is whether the trial court erred in granting appellees' motion for summary judgment and dismissing her second complaint for deficient service of process under Ark. R. Civ. P. 4(i). According to Rule 4(i), service of process must be made on the defendant within 120 days after the filing of the complaint, or the action shall be dismissed. The rule further states that, if "a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. The order granting any such extension, however, must be entered within 30 days after the motion to extend is filed, or by the end of the 120–day period, whichever date is later." *Id.*

Here, Maguire filed her second complaint on May 7, 2009; therefore, she had until September 4, 2009, to complete service on appellees. On September 3, Maguire hand delivered a letter requesting an extension of time for service, and an order was signed on that date by the trial judge, extending the time for service until September 25. However, Maguire neglected to file this order until October 7, 2009. On September 9, Dr. Jines, individually, was served with the complaint and summons, but Dr. Jines, P.A., was apparently never served. Appellees properly raised the issue of defective service of process in their answer to the complaint and in their motion for summary judgment, arguing that the complaint should be dismissed because neither defendant was properly served within 120 days.

Maguire asserts that her motion to extend the time for service was, in fact, "made" within 120 days according to the plain language of the rule. However, as appellees argue, this motion was never filed, and contrary to Maguire's assertion, the third sentence in Rule 4(i), stating that the order granting any such extension "must be entered within 30 days after the motion to extend is *filed*," makes it clear that the rule requires the motion to be filed, not merely made, within 120 days. *Id.* (emphasis added). Furthermore, even if Maguire's motion to extend was considered to be timely, the order granting the extension was not actually entered until more than thirty days after she made the motion. This court has held that under Rule 4(i), an order granting an extension of time for service must be entered to be effective. *Verbitski v. Union Pac. R.R. Co.*, 2011 Ark. App. 6, 380 S.W.3d 459.

In essence, Maguire admits in her argument on appeal that service of the complaint and summons was deficient according to our cases interpreting Rule 4(i). However, she urges this court to adopt a substantial compliance standard with this

rule. We previously rejected this same argument in *Verbitski,* finding that the language in Rule 4(i) is mandatory and that strict compliance with its requirements is necessary for the trial court to have jurisdiction over a defendant. *Id.* Because Maguire failed to perfect service of process on either appellee within the required 120–day period, the trial court was required to dismiss her complaint. Also, because this was the second dismissal of her claim against Dr. Jines, individually, and the statute of limitations had run on all her claims against Dr. Jines, P.A., dismissal with prejudice was proper in this case. Therefore, we affirm.

Affirmed.

VAUGHT, C.J., and GLADWIN, J., agree.