

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–15–363

| | |
|---|---|
| DEVIN KIRKLAND<br>                 APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>                 APPELLEE | **Opinion Delivered** January 13, 2016<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT<br>[NO. CR2013-415]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## CLIFF HOOFMAN, Judge

Appellant Devin Kirkland appeals from the revocation of his probation, for which he was sentenced to 273 days in the county jail and ordered to pay his outstanding fees and costs. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Rule 4-3(k) (2015) of the Rules of the Arkansas Supreme Court and Court of Appeals, Kirkland's counsel has filed a motion to withdraw, alleging that this appeal is wholly without merit, in addition to a brief in which all adverse rulings are abstracted and discussed. Kirkland has also filed pro se points for reversal. We affirm the revocation and grant counsel's motion to withdraw.

On July 2, 2014, Kirkland pleaded guilty to misdemeanor theft of property, and he was sentenced to twelve months' supervised probation, plus fines, fees, and court costs. The conditions of Kirkland's probation included the requirements that he report to his probation officer as directed and that he not use, possess, sell, or distribute controlled substances.

The State filed a petition to revoke Kirkland's probation on November 19, 2014, based on his failure to pay his fines and costs, his failure to report to his probation officer as directed, his failure to enroll in a GED program, his association with individuals engaged in criminal activity, his failure to provide proof of employment, his changes of residence without permission, his failure to pay supervision fees, and his admitted use of marijuana on at least two occasions. On December 15, 2014, the State filed an amended petition for revocation, alleging additional violations based on Kirkland's failure to report, his failure to provide his supervising officer with his correct address, and his failure to complete mandatory substance-abuse counseling.

At the revocation hearing held on January 8, 2015, Kirkland's probation officer, Ryan Skelton, was the only witness to testify. Skelton testified that Kirkland had failed to report to him on August 20, 2014, and on November 4, 2014. When Kirkland failed to report on August 20, Skelton stated that he attempted to locate him at his residence on file; however, Skelton was advised that Kirkland was now residing at a different address. When Skelton arrived at the new address, he witnessed Kirkland try to hide something in a chair cushion, and Skelton stated that there was also a strong odor of marijuana in the apartment. Skelton testified that Kirkland signed a form on August 20, 2014, admitting that he had used marijuana within the past four weeks. This form was admitted into evidence, along with a second form that was dated July 31, 2014, which Kirkland had also signed admitting to his use of marijuana.

Skelton further stated that as of November 4, 2014, Kirkland had made no payments

SLIP OPINION

on his outstanding fines and costs. Kirkland was also delinquent in his supervision fees, and he had failed to provide Skelton with proof that he had enrolled in a GED program as required under the conditions of his probation. With regard to the allegations in the amended petition for revocation, Skelton testified that Kirkland was arrested on a bench warrant on November 24, 2014, and then failed to contact his supervising officer upon his release on November 26, 2014. According to Skelton, Kirkland had also refused to report to him on December 2, 2014, and he had failed to attend his mandatory substance-abuse assessment, resulting in his discharge from the program.

At the conclusion of the hearing, the circuit court noted that the July 14, 2014 sentencing order indicated that Kirkland had been sentenced to a suspended imposition of sentence (SIS), while the plea statement and docket sheet both stated that he had received probation. Kirkland then moved to strike all of the testimony concerning his failure to report, and the circuit court took the issue under advisement so that it could obtain a transcript of the July 2, 2014 plea hearing. The revocation hearing was continued to January 12, 2015, when the circuit court ruled that it was clear from the transcript of the July 2, 2014 hearing that Kirkland had been sentenced to probation, not SIS. The court found that the July 14, 2014 sentencing order was incorrect and entered an amended order on January 12, 2015, reflecting that Kirkland had received a sentence of twelve months' probation. The court then found that Kirkland had violated the conditions of his probation by failing to report to his probation officer and by using marijuana. The circuit court revoked Kirkland's probation, sentencing him to 273 days in the county jail and ordering him to pay his outstanding fines, costs, and

3

fees.  Kirkland filed a timely notice of appeal from the revocation.

Counsel has filed a no-merit brief pursuant to Arkansas Supreme Court Rule 4–3(k)(1) in which he has abstracted and discussed all rulings adverse to Kirkland.  As counsel correctly asserts, there were only two adverse rulings in this case: (1) the circuit court's denial of Kirkland's motion to strike testimony at the revocation hearing relating to his failure to report and (2) the revocation of Kirkland's probation.

Counsel first discusses the issue of Kirkland's motion to strike, which was made after the circuit court noted that the 2014 sentencing order indicated that Kirkland had been sentenced to SIS, whereas the remaining plea documents recited a sentence of probation. After reviewing the transcript from the earlier plea hearing, the circuit court ruled that the sentencing order contained a clerical error and entered an amended sentencing order. Counsel asserts that this ruling does not provide a meritorious ground for appeal because clerical errors do not prevent enforcement of a judgment, *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007), and a trial court may enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order.  *State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008).

We agree that there would be no merit to an appeal on this issue.  First, the circuit court did not expressly rule on Kirkland's motion to strike; instead, the court took the issue under advisement and then later entered the amended sentencing order without any further objection by Kirkland.  Thus, it is not clear that there was a ruling by the circuit court that was adverse to Kirkland regarding this issue.  Furthermore, even if the circuit court's entry of the amended sentencing order was considered to be an adverse ruling, counsel is correct

SLIP OPINION

that the circuit court was authorized to correct the clerical error in the original sentencing order by entering the amended sentencing order nunc pro tunc. *Rowe*, *supra*; *Baker*, *supra*. The amended order correctly reflects that Kirkland was sentenced to probation, and thus, testimony regarding his failure to report to his probation officer was properly admitted during the revocation hearing.

Counsel next discusses the sufficiency of the evidence supporting the revocation of Kirkland's probation. According to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), a trial court may revoke a defendant's probation at any time prior to the expiration of the probationary period if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. The burden is on the State to prove a violation of a condition of probation by a preponderance of the evidence. *Sanders v. State*, 2010 Ark. App. 563. On appeal, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Cargill v. State*, 2011 Ark. App. 322. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the trial court's superior position in this regard. *Id*.

The circuit court found that Kirkland had violated his probation by failing to report to his probation officer and by using marijuana. Only one violation of the conditions of probation must be proved by the State to support a revocation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190. Based on Skelton's testimony that Kirkland had failed to report to him as directed on several occasions, as well as the documents showing that Kirkland

admitted to the use of marijuana during the term of his probation, we agree with counsel that there would be no merit to an appeal challenging the sufficiency of the evidence supporting Kirkland's revocation.

Kirkland has also filed pro se points for reversal in which he contends that Skelton lied during his testimony and that his trial counsel was ineffective. Kirkland argues that Skelton had to have lied in his testimony that Kirkland failed to report on August 20, 2014, because Skelton then introduced the document that was dated and signed by Kirkland on August 20, 2014, wherein he admitted to using marijuana. Kirkland asserts that if he had failed to report as Skelton indicated, he would not have been present to sign that document. However, Skelton testified at the hearing that he went to Kirkland's residence on August 20 due to Kirkland's failure to report, that he found Kirkland at a different residence and took him into custody, and that, at that time, Kirkland signed the form admitting to his use of marijuana. Thus, Kirkland's argument that Skelton was dishonest about his failure to report on August 20 is without merit. Kirkland also argues that Skelton lied about his failure to notify Skelton of his change of address, about the amount of supervision fees that were delinquent, and about the fact that he had "caught a new charge" when he was arrested on November 24, 2014. As the State responds, however, Kirkland's probation was not revoked based on any of these allegations, and there would be no merit to an appeal as to these issues.

Kirkland's argument that his trial counsel was ineffective for not questioning Skelton about his allegedly dishonest statements also fails to present a meritorious issue for appeal. Kirkland did not raise this issue to the circuit court, and we have held that an allegation of

ineffective assistance of counsel must first be raised to the trial court and then ruled upon before this court may address it. *See, e.g.*, *Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004); *Jones v. State*, 2015 Ark. App. 621.

From our review of the record and brief presented to us, we hold that counsel has complied with Rule 4–3(k), and we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and KINARD, JJ., agree.

*L.D. Gibson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.